UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILKEN DEVELOPMENT GROUP, LTD. and
CROWN POINTE, LTD.,

    Plaintiffs,

v.

CITIBANK N.A., as successor-by-merger to
CITIBANK F.S.B., and ONEWEST BANK, F.S.B.,

    Defendants.

Case No. 11-cv-234-JPG

## MEMORANDUM AND ORDER

In light of Seventh Circuit admonitions, *see*, *e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (1992), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defect in the jurisdictional allegations of the Notice of Removal (Doc. 3) filed by the defendants:

- **Failure to allege citizenship of national banking association.** A national banking association is a citizen of the states in which it is located, 28 U.S.C. § 1348, and it is located in the state of its principal place of business and the state listed in its organization certificate. *Firstar Bank, N.A. v. Faul*, 253 F.3d 982, 994 (7th Cir. 2001). The notice of removal lists the state of Citibank, N.A.'s home office but does not list the state of its principle place of business and the state listed in its organizational certificate.

The Court hereby **ORDERS** that the defendants shall have up to and including April 8, 2011, to amend the faulty pleading to correct the jurisdictional defect. Failure to amend the faulty pleading may result in remand of this case for lack of subject matter jurisdiction. Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order. The defendants are is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: March 28, 2011**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**